## Virginia Dreyfuss, Appellee, v. William Freud et al., Appellants.

### Gen. No. 19,922.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICH-ARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 10, 1914.

### Statement of the Case.

Action by Virginia Dreyfuss, complainant, against William Freud and others, defendants, resulted in a decree declaring a pecuniary legacy to complainant to be a lien on the testatrix's real estate, and allowing interest thereon.

In the first clause of the will in question the testatrix directed that her debts should be paid out of the proceeds of her estate hereinafter named, which was thereafter referred to in the clause making the bequest, which read as follows:

"Third, I give, devise and bequeath to my children, William Freud, Mrs. Bertha Lapiner, the wife of Alvin E. Lapiner, Joseph Freud and Bessie Freud, in equal parts, all my estate, both real and personal, that I may die seized and possessed of at the time of my death, less the sum of two thousand dollars ($2,000), which I hereby give and bequeath to my sister Miss Virginia Dreyfuss, which said sum of $2,000 shall be deducted first out of my estate and the residue shall be divided in equal parts between my children above named, share and share alike."

Defendants contended that the legacy abated, as the testatrix did not leave enough personal property to pay the debts, costs and expenses of administration and the legacy. From the decree in favor of the complainant, defendants appeal.

FRANK & LURIE, for appellants.

HOYNE, O'CONNOR & IRWIN. for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. WILLS, § 476*—*when legacy charged on real estate.* A charge of a legacy upon real estate may be made by a testator, either by express directions to such effect contained in a will, or the intention thus to charge may be implied from the whole will taken together.

2. WILLS, § 479*—*when language sufficient to charge real estate with legacy.* Where the testatrix gave her entire estate, both real and personal, to her children, less a certain sum bequeathed to complainant, which she expressly directed should be deducted first out of her estate and the residue to be divided in equal parts between her children, it was the intent of the testatrix to charge her real estate as well as her personal property with the payment of the legacy to complainant.

3. WILLS, § 480*—*when extrinsic evidence inadmissible.* Where evidence was offered to show that at the time of the execution of a will, and for some time thereafter, the testatrix was the owner of personal property in excess of the amount necessary to pay her debts and a legacy in question, it was properly rejected as the intention to charge real estate with the payment of the legacy could be clearly gathered from the will itself.

4. WILLS, § 441*—*when a legacy begins to draw interest.* A general pecuniary legacy draws interest from the time it is due and payable, which, when not fixed by the terms of the will, is one year after the testator's death.

5. WILLS, § 441*—*payment of legacy.* Where the personal estate was insufficient to pay a legacy, the residuary devisees and legatees took real estate burdened therewith and were liable for the interest on the legacy.

6. COSTS, § 67*—*when statutory damages will not be added.* Where an appeal has not been taken for delay, statutory damages will not be added.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.